UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Erik Sanford CHATMAN,<br><br>    Petitioner,<br><br>v.<br><br>Kevin CHAPPELL,[1]<br>Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 3-7-cv-640-WHA<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING<br><br>[Doc. No. 17] |

    Petitioner is a condemned inmate at San Quentin State Prison. He initiated the present capital habeas action on January 31, 2007, when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. (Doc. No. 1.) The following day, the Court granted Petitioner's requests and referred the matter to the Court's Selection Board for the recommendation of counsel to represent him. (Doc. No. 4.) However, the Court was unable to appoint counsel until January 24, 2012, nearly five years after Petitioner requested counsel.[2]

---

[1] Respondent's name is correctly spelled as indicated here.

[2] The Selection Board diligently sought qualified counsel to represent Petitioner throughout the time that the matter was referred to the Selection Board. *See Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 1 n.2 (N.D. Cal. Sept. 9, 2011) (Order Granting Mot. for Equitable Tolling). Respondent's assertion that "The law's command to avoid avoidable delay has become the Northern District's embrace of it," (Doc. No. 18 at 14), is incorrect.

Case No. 3-7-cv-640-WHA
ORDER GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING
(DPSAGOK)

(Doc. No. 9.)

A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. 2244(d) (2012). The parties agree that, absent equitable tolling, the limitation period for Petitioner began to run on December 10, 2008, and expired on December 10, 2009. (Doc. No. 17 at 6; Doc. No. 18 at 5–6.)

Petitioner's Motion for Equitable Tolling is pending. (Doc. No. 17.) Petitioner seeks equitable tolling until the date of counsel's appointment so that his counsel may have one year to prepare a finalized petition.[3] Respondent opposes Petitioner's Motion. (Doc. No. 18.)

The Supreme Court has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

The present Petitioner's diligence in pursuing his rights is particularly praiseworthy. This is due to the fact that he initiated the present action and invoked his right to counsel nearly two years before the statute of limitations even began to run.[4] *See, e.g., Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20, 2012).

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. 3599(a)(2) (2012). "[T]he right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56. In

---

[3] In capital habeas actions, "[t]he term 'finalized petition' shall refer to the petition filed by retained or appointed counsel. . . ." Habeas L.R. 2254-28(a).

[4] Respondent would convert Petitioner's obligation to pursue his rights (such as his right to counsel) diligently into a specific "obligation to act diligently to file a petition." (Doc. No. 18 at 6.) However, there is no support for Respondent's position, which is contrary to *Holland*, 130 S. Ct. at 2554. Indeed, it likely would have been wasteful for Petitioner to file a petition that was not finalized.

particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims."[5] *Id.* at 858. Accordingly,

> when a condemned prisoner has requested counsel and counsel is not appointed until after the deadline for filing a timely petition has passed, the lack of counsel is an extraordinary circumstance that stands in the prisoner's way and prevents the timely filing of a petition that has been prepared with the assistance of counsel, which is the petition that the prisoner has a right to file.

*Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order Granting Motion for Equitable Tolling); *see also, e.g., Bolden v. Martel*, No. 4-9-cv-2365-PJH, 2011 WL 6100509 (N.D. Cal. Dec. 5, 2011); *San Nicolas v. Ayers*, No. 1-6-cv-942-LJO, 2007 WL 763221, at *6 (E.D. Cal. Mar. 9, 2007). Indeed, "were the Court to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated." *Smith v. Ayers*, No. 3-4-cv-3436-CRB, slip op. at 3 (N.D. Cal. Jan. 8, 2009). Such is the case for Petitioner, for whom the Court was unable to appoint counsel until more than two years after the limitation period otherwise expired.

Prior to the filing of the present motion, Respondent lodged the state-court record with this Court. (Doc. No. 13.) A review of that extremely voluminous record demonstrates that this matter is extraordinarily complex. Considering this record along with the federal record developed thus far, as well as Petitioner's right to the assistance of counsel in preparing a petition, the Court finds that Petitioner will require at least a year from counsel's appointment to prepare and to file a finalized petition, which is the petition that he is statutorily entitled to file. The Court accordingly concludes that the prolonged lack of appointed counsel stands in Petitioner's way and prevents the timely filing of a finalized petition.

---

[5] Respondent asserts that "petitioner did not need counsel in order to file a petition" because "the filing of a federal petition did not require petitioner to do legal work; it required him to do photocopying." (Doc. No. 18 at 7; *see also, e.g., id.* at 13 ("a petitioner needs counsel not for filing a federal petition but for showing why the state court's opinion was unreasonable").) The case Respondent cites, *Duncan v. Henry*, 513 U.S. 364 (1995), merely held that a habeas petitioner did not exhaust a claim where the petitioner did not inform the state courts that he was asserting a violation of the United States Constitution. There is, in fact, no support for Respondent's contention, which is directly contrary to *McFarland*, 512 U.S. at 855–59.

3

In short, Petitioner has been pursuing his rights diligently, and the significant delay in appointing counsel stands in Petitioner's way and prevents timely filing of a finalized petition. Petitioner is therefore entitled to equitable tolling of the statute of limitations.

Accordingly, the Court grants Petitioner's Motion for Equitable Tolling, (Doc. No. 17). Unless he is able to demonstrate a need for additional equitable tolling, *cf. Hughes v. Brown*, No. 3-3-cv-2666-JSW (N.D. Cal. June 23, 2004) (Order Granting Pet'r's 2d Appl. for Equitable Tolling), Petitioner shall file his finalized petition on or before January 24, 2013.

*It is so ordered.*

DATED: _____

WILLIAM H. ALSUP
United States District Judge

July
17
2012

Case No. 3-7-cv-640-WHA
ORDER GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING
(DPSAGOK)