UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Erik Sanford CHATMAN,<br><br>                    Petitioner,<br><br>        v.<br><br>Kevin CHAPPELL,<br>Warden of San Quentin State Prison,<br><br>                    Respondent. | Case Number 3-7-cv-640-WHA<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING MOTION TO RESOLVE DISPUTE OVER EXHAUSTION<br><br>[Doc. No. 24] |

      In this capital habeas action, the parties filed a joint statement regarding exhaustion, and Respondent moves for an order resolving disputes regarding exhaustion. (Doc. No. 24.) The Motion is granted; the present order resolves the parties' disputes.

      In Claim 1 in his finalized Petition, Petitioner alleges that his trial counsel rendered ineffective assistance. (Doc. No. 21 at 46–146.) The parties agree, and the Court finds and concludes, that Subclaims 1A–1C and 1E–1Y are exhausted. The parties also agree, and the Court finds and concludes, that Subclaim 1D is unexhausted. The parties dispute whether the last subclaim, Subclaim 1Z, is exhausted.

      In Subclaim 1D, Petitioner alleges that trial counsel failed to present evidence regarding the effect of Petitioner's drug abuse. (*Id.* at 105–06.) Petitioner alleges in Subclaim 1Z that "[a]ll of the foregoing allegations of ineffective assistance must be considered cumulatively."

(*Id.* at 145.) To the extent that Subclaim 1Z incorporates Subclaim 1D, Subclaim 1Z is unexhausted. However, Subclaim 1Z is otherwise exhausted, as it is a component of the cumulative-error claims presented to the Supreme Court of California, (Doc. No. 13 at AG011016, AG012079–82).

The parties agree, and the Court finds and concludes, that Claims 2–10, 13–21, and 25–28[1] are exhausted. The parties agree, and the Court finds and concludes, that Claims 11, 12, and 22–24 are unexhausted.

The parties dispute whether Claim 30 is exhausted. In that claim, Petitioner alleges that his initial state habeas petition was dismissed without an evidentiary hearing even though he raised material issues of fact. (Doc. No. 21 at 288.) In the state petition, Petitioner requested an evidentiary hearing and alleged that the state court failed to hold an evidentiary hearing. (Doc. No. 13 at AG12081, AG12122.) However, he did not allege that the petition already had been dismissed or that dismissal without holding an evidentiary hearing constitutes an independent basis for habeas relief. Accordingly, Claim 30 is unexhausted.

Claim 29 is a cumulative-error claim. (Doc. No. 21 at 286–88.) The parties agree that this claim is exhausted. However, to the extent that it incorporates Subclaim 1D, Subclaim 1Z (to the extent that it incorporates Subclaim 1D), and Claims 11, 12, 22–24, and 30, Claim 29 is unexhausted; only the remainder of Claim 29 is exhausted.

Within thirty days from the date this order is filed, the parties shall file a joint case-management statement that contains a proposed schedule for further proceedings in this action.

*It is so ordered.*

DATED: June 20, 2013

_____
WILLIAM H. ALSUP
United States District Judge

---

[1] There are two claims numbered 28 in the Petition, presumably due to a typographical error. The first Claim 28 appears between Claims 25 and 26; in it, Petitioner alleges that his conviction and sentence violate international law. (Doc. No. 21 at 276–77.) The second Claim 28 appears between Claims 27 and 29; in it, Petitioner alleges that the method of execution in California is unlawful. (*Id.* at 282–86.) Both claims are exhausted.